**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ADAM WEINBERG, | ) | |
| | ) | No. 12 CV 9846 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| WILLIAM BLAIR & COMPANY, LLC, | ) | |
| | ) | June 13, 2014 |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

On May 22, 2014, this court heard arguments from the parties regarding Plaintiff Adam Weinberg's ("Weinberg") May 15, 2014 motion to compel. (See R. 66, Pl.'s Mot.; R. 75.) Although during the hearing the court granted in part and denied in part Weinberg's motion, it withheld decision as to whether at-issue waiver of attorney-client privilege applies to documents identified on Defendant William Blair & Company's ("William Blair") privilege log as document numbers 1928 and 1929. (R. 75.) Having reviewed these documents *in camera*, the court finds that they are protected from disclosure based on attorney-client privilege and that William Blair did not waive this privilege. For the following reasons, Weinberg's motion to compel is denied as to document numbers 1928 and 1929:

As an initial matter, the court must determine whether attorney-client privilege attaches to the documents in question before addressing whether at-issue waiver applies. Federal common law governs the applicability of privilege in cases based upon a federal cause of action. *See* Fed. R. Evid. 501; *Jaffee v. Redmond*, 518

U.S. 1, 5 (1996). The attorney-client privilege protects communications made in confidence by a client and a client's employees to an attorney, acting as an attorney, for the purpose of obtaining legal advice. *See Upjohn Co. v. United States*, 449 U.S. 383, 394-99 (1981); *Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 618 (7th Cir. 2009). The documents in question consist of a fax cover letter, along with a confirmation sheet, sent by human resource director John Smith on August 19, 2008, to Sherrie Travis, William Blair's outside counsel. (R. 66-5, Pl.'s Mot., Ex. 4 at 4.) Based on its *in camera* review, this court finds that the communication was made in confidence and was sent for the purpose of requesting legal advice from Travis in her capacity as an attorney. Accordingly, the court finds that attorney-client privilege attaches to documents 1928 and 1929.

The court next addresses whether William Blair waived its privilege over these documents by placing at issue its internal investigation into Weinberg's complaint of discrimination. Weinberg contends that by asserting the *Faragher/Ellerth* affirmative defense in this case and producing the April 30, 2008 investigation report, William Blair has put at issue the scope and results of its investigation and thus waived its attorney-client privilege with regard to all documents pertaining to the internal investigation. (R. 66, Pl.'s Mot. at 9.) William Blair does not dispute that waiver occurred, but rather contends that documents 1928 and 1929 do not fall within the scope of that waiver because Smith sent the fax communication months after the investigation closed on May 2, 2008. (See R. 73,

2

Def.'s Opp. at 15.) The court therefore focuses its attention on the parameters of at-issue waiver in this case.

At-issue waiver occurs when a party "affirmatively put[s] at issue the specific communication, document, or information to which the privilege attaches." *Dexia Credit Local v. Rogan*, 231 F.R.D. 268, 275 (N.D. Ill. 2004). Under the *Faragher/Ellerth* defense, absent a tangible employment action, an employer may defend against liability if it can prove that: (a) the employer exercised reasonable care to prevent and promptly correct any discriminatory or harassing behavior, and (b) the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. *See Burlington Indus. Inc. v. Ellerth*, 524 U.S. 742, 765 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 807-08 (1998); *Ngeunjuntr v. Metro. Life Ins. Co.*, 146 F.3d 464, 467 (7th Cir. 1998). Because William Blair is asserting this defense, information pertinent to the reasonableness and adequacy of its investigation and response to Weinberg's claims is discoverable. *See Quiroz v. Hartgrove Hosp.*, No. 97 CV 6515, 1998 WL 246151, at *3-4 (N.D. Ill. Apr. 28, 1998); *see also Musa-Muaremi v. Florists' Transworld Delivery, Inc.*, 270 F.R.D. 312, 318 (N.D. Ill. 2010).

In support of his position, Weinberg cites to *Musa-Muaremi,* 270 F.R.D. at 319, in which the court concluded that waiver applied to draft investigation summaries and notes. *Musa-Muaremi* is distinguishable, however, because the documents in that case were created during the process of the investigation itself whereas the documents here were generated months after the investigation

3

concluded. *Id.* at 319. Other courts in this district have also indicated, though not conclusively, that waiver is limited to documents and communications created while the investigation was ongoing. *See Fultz v. Fed. Sign,* No. 94 CV 1931, 1995 WL 76874, at *3 (N.D. Ill. Feb. 17, 1995) (finding privilege was waived as to the investigation, its results, and "conversations adduced *during* the investigation" (emphasis added)); *Alberts v. Wickes Lumber Co.*, No. 93 CV 4397, 1995 WL 31577, at *1 (N.D. Ill. Jan. 26, 1995) ("The advice that counsel gave *during the course* of the investigation relating to the investigation is clearly relevant and cannot be considered privileged." (emphasis added)).

The reasoning of district courts in other jurisdictions is also instructive on this issue. In *Walker v. N.H. Administrative Office of the Courts*, No. 11 CV 421, 2013 WL 672584, at *6 (D.N.H. Feb. 22, 2013), the court noted that documents post-dating an investigation are likely irrelevant to the reasonableness of the investigation, whereas contemporaneous communications would be discoverable. Furthermore, in *Angelone v. Xerox Corp.*, No. 09 CV 6019, 2011 WL 4473534, at *3 (W.D.N.Y. Sept. 26, 2011), the court held that if the defendant's *Faragher/Ellerth* defense neither referred to nor relied on post-investigation report documents, or the adequacy of a post-report investigation, the defendant did not waive its attorney-client privilege over those documents.

William Blair created documents 1928 and 1929 well after the investigation concluded. Absent any indication that William Blair has relied or will rely upon

4

these post-investigation documents, the court finds that they fall outside the scope of its waiver in this case.

## Conclusion

For the foregoing reasons, Weinberg's motion to compel is denied as to documents 1928 and 1929.

**ENTER:**

**Young B. Kim
United States Magistrate Judge**

5